**CONSOLIDATED BOOK PUBLISHERS, Inc., v. FEDERAL TRADE COMMISSION.**

No. 4423.

Circuit Court of Appeals, Seventh Circuit.

Nov. 25, 1931.

Rehearing Denied Dec. 31, 1931.

Raymond P. Fischer, Herman A. Fischer, John G. Campbell, Carlton L. Fischer, Edward W. Everett, Winston, Strawn & Shaw, and Campbell, Clithero & Fischer, all of Chicago, Ill., for petitioner.

Robert E. Healy, chief counsel, Federal Trade Commission, Martin A. Morrison, and G. Edwin Rowland, all of Washington, D. C., for respondent.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

944

SPARKS, Circuit Judge (after stating the facts as above).

The question presented to us is whether or not the facts and the law warranted the Federal Trade Commission in making the "cease and desist" order. We think the commission acted within the scope of its authority, and was abundantly justified by the facts. A close analysis of the contract convinces us that it was drawn by experienced hands and with the obvious intention of perpetrating a fraud upon the subscribing public. A mind trained in the law might well conclude that few rights, and less benefit, moved to the subscriber by virtue of the contract, and that, under a technical construction of it, no gift was intended. But the general public, not skilled in legal construction, upon reading the lead letter and contract would very naturally conclude that the books constituted a gift, and in our judgment this is what petitioner wanted them to think. This is essentially true, for if all the facts were known to the subscriber, he, if only of ordinary intelligence, in all probability would have declined the offer because the cyclopedia was neither new, up-to-date, nor accurate. It is quite obvious that it would not sell on its merits.

A fair construction of the lead letter is that petitioner was distributing, as an advertising medium, a few sets in each community free to certain influential people, in consideration of their acting as local references to other unpreferred subscribers; and that, on account of his standing in his community, a free set was being held by petitioner for the person receiving such letter. This view is confirmed by the fact that the letter asks the receiver of it to treat it as personal and confidential. This was quite an unnecessary statement if petitioner was in good faith, for it no doubt would have permitted any person to sign the contract. This interpretation of the letter is further confirmed by the fact that petitioner's sales agent Mrs. Cowherd construed it the same way. Of course, petitioner contends that the agent exceeded her authority, and that it should be protected against the dishonest and unscrupulous agent; but we think the agent made no representation which was not warranted by the letter and contract. If the agent did exceed her authority, it does not come with good grace from petitioner, who instituted the fraud, to abuse and bemean the agent for continuing the fraud which petitioner had started.

The order of the commission is supported by findings of fact, and the findings of fact are supported by substantial evidence. Fed-

eral Trade Commission v. Curtis Publishing Co., 260 U. S. 568, 43 S. Ct. 210, 67 L. Ed. 408; Fox Film Corp. v. Federal Trade Commission (C. C. A.) 296 F. 353; Moir et al. v. Federal Trade Commission (C. C. A.) 12 F.(2d) 22.

■ The following propositions of law fully support the ruling:

False and misleading representations resulting in deception of the public are matters of public interest which the commission has power to prevent. Federal Trade Commission v. Winstead Hosiery Co., 258 U. S. 483, 42 S. Ct. 384, 66 L. Ed. 729; Federal Trade Commission v. Kay (C. C. A.) 35 F.(2d) 160.

■ The commission's jurisdiction is not limited to practices which tend to create a monopoly, but embrace false and fraudulent advertising, misbranding, and other practices which result in deceiving the public. Such practices injure competitors who do not use them. Federal Trade Commission v. Winstead Hosiery Co., supra; Royal Baking Powder Co. v. Federal Trade Commission (C. C. A.) 281 F. 744; Federal Trade Commission v. Kay, supra.

■ The sale at the same time of a cyclopedia under two different names is an unfair method of competition, which ruling is supported in principle by Fox Film Corp. v. Federal Trade Commission, supra.

■ Practices opposed to good morals because characterized by deception, bad faith, fraud, and oppression are unfair methods of competition. Federal Trade Commission v. Gratz et al., 253 U. S. 421, 40 S. Ct. 572, 64 L. Ed. 993.

The order of the Federal Trade Commission is affirmed.

### On Petition for Rehearing.

Petitioner in its petition for a rehearing has called our attention to the fact that this court has not referred to nor commented upon the additional evidence taken on respondent's motion since the argument of the cause, relative to competition with and resulting injury to other concerns engaged in the same line of business; and it further contends that this court failed to consider Federal Trade Commission v. Raladam Co., 283 U. S. 643, 51 S.

Ct. 587, 75 L. Ed. 1324, decided after the argument in this cause.

Petitioner bases its right to a rehearing upon the following grounds: (a) The commission has failed to show the existence of competition between petitioner and the traders who it claims were injured; (b) competitors were not injured by any acts of petitioner; (c) competitors used methods the same as, or substantially similar to, those employed by petitioner.

These matters were fully presented to this court and argued prior to the taking of additional testimony as referred to above; and the pendency of the Raladam Case in the Supreme Court was also called to our attention. When that case was decided by the Supreme Court and the opinion was published, it was considered by this court. Subsequently, when respondent asked permission to take additional testimony, as above referred to, a part of the membership of this court thought that the evidence then in the record was sufficient to support the finding of the commission to the effect that there was competition and resulting injury; and also that the Raladam Case was not controlling in the instant case, because the facts of that case showed neither competition nor injury. Out of abundance of precaution, however, the court permitted the additional evidence to be taken, after which the commission found the existence of both competition and resulting injury to such competitors. It may be also stated that petitioner, in its answer to respondent's original complaint, admitted that it was in competition with various other persons, partnerships, and corporations similarly engaged.

■ From a perusal of all the evidence, including the additional testimony given, it is quite apparent that the commission's findings are supported by material and competent evidence with respect to competition and resulting injury to competitors. It is true the injury shown is not expressed in specific terms of money, but this we do not regard as necessary. The statement of petitioner that the competitors are guilty of the same or similar methods as those charged to petitioner is not supported by the evidence.

The petition for rehearing is overruled.